IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAURICE ROBINSON,

    Petitioner,

v.                                                CASE NO. 5:15-cv-75-RV-GRJ

SECRETARY, DEP'T
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on ECF No. 1, Petitioner's *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's 2009 Bay County jury conviction for burglary of a structure with damage more than $1,000, grand theft of more than $100,000, and possession of burglary tools, for which Petitioner was sentenced to twenty five years' imprisonment. The Petition asserts three grounds of ineffective assistance of counsel. (ECF No. 1.) Respondent filed a response and appendix with relevant portions of the state-court record, arguing that the Petition should be denied because Petitioner's claims are unexhausted, procedurally defaulted, and without merit. (ECF

No. 11.) Respondent also "asserts all available procedural bars." (*Id.* at 1, 6.) Petitioner thereafter filed a reply. (ECF No. 12.)

Although Respondent says she asserts all available procedural bars, she did not include in her response a discussion regarding the timeliness of the Petition. Nonetheless, the Court reviewed the record and the state court history, and determined that the Petition is likely time-barred. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006) (holding that a district court is permitted to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition provided the parties receive fair notice and an opportunity to present their positions); *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1320 (11th Cir. 2006) (noting that the Supreme Court's holding in *Day* is consistent with the Eleventh Circuit's prior case law). The Court therefore provided Respondent an opportunity to file a supplemental brief addressing whether the Petition is time-barred. (ECF No. 15.) The Court also advised Petitioner that he would have an opportunity to reply in the event that Respondent argues the Petition is time-barred. (*Id.*)

Respondent filed her supplemental brief on July 26, 2017, arguing that the Petition is time-barred and should therefore be dismissed. (ECF No. 17.) Petitioner has not filed a response and the time for doing so has

expired.[1] The Petition is therefore ripe for review. Upon due consideration of the Petition, the response, and the state-court record, the undersigned recommends that the Petition be dismissed.[2]

## State-Court Proceedings

Petitioner was convicted on February 13, 2009, for: (1) Burglary of a structure, with damage more than $1,000.00; (2) Grand theft of more than $100,000.00; (3) Possession of burglary tools; (4) Burglary of a structure, with damage more than $1,000.00; (5) Grand theft of more than $100,000.00; and (6) Burglary of a structure. (ECF No. 11-13 at 93–95.) Petitioner was sentenced on March 3, 2009, to 25 years' imprisonment followed by five years probation on count one, 25 years' imprisonment followed by five years probation (to run concurrent with count one) on count two, five years' imprisonment (to run concurrent with count one) on count three, and probation (to run consecutive to the period of incarceration) on counts four, five, and six. (*Id.* at 191–97.)

---

[1] In the Court's order directing Respondent to file a supplemental brief addressing whether the Petition is time-barred, the Court advised Petitioner, "[i]n the event that Respondent argues the Petition is time-barred, Petitioner shall have until August 16, 2017, to file a reply, if any." (ECF No. 15 at 7.) Petitioner, however, filed neither a reply nor a motion for extension of time to file a reply.

[2] The Court has determined that an evidentiary hearing is not warranted because the Court can resolve the Petition on the basis of the record. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Petitioner thereafter filed a direct appeal in the First District Court of Appeal ("First DCA"). (ECF No. 11-7 at 229–81.) The First DCA per curiam affirmed the conviction and sentence without written opinion on October 29, 2010. (ECF No. 11-8 at 24.) The mandate followed on November 19, 2010. (*Id.* at 26.)

On July 12, 2011,[3] Petitioner filed a *pro se* motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a). (ECF No. 11-14 at 52–54.) The trial court, however, dismissed the motion without prejudice on December 8, 2011, as facially insufficient to warrant relief. (*Id.* at 56.)[4] Petitioner then filed a supplement to his motion to correct illegal sentence on June 5, 2012. (*Id.* at 60–64.) The trial court denied the motion on August 15, 2012. (*Id.* at 109.)

On October 25, 2012, Petitioner filed a motion for a sixty-day extension of time to file his motion for postconviction relief. (*Id.* at 114–15.) He then filed his *pro se* motion for postconviction relief pursuant to Fla. R.

---

[3] Pursuant to the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

[4] Although the trial court dismissed the motion without prejudice, it did not provide a specified time in which Petitioner could file an amended motion.

Crim. P. 3.850 on November 27, 2012. (*Id.* at 117–35.) On March 5, 2013, the trial court granted Petitioner's motion for extension of time but struck Petitioner's motion for postconviction relief as facially insufficient but with leave to amend within thirty days. (*Id.* at 149–50.) Petitioner filed an amended *pro se* motion for postconviction relief on April 3, 2013. (*Id.* at 151–81.) He later filed a supplement to his amended motion for postconviction relief on April 18, 2013. (*Id.* at 232–51.)

On September 23, 2013, the state court summarily denied grounds two through eight of Petitioner's motion for postconviction relief and directed the state to respond to ground one. (*Id.* at 279–83.) The trial court then granted an evidentiary hearing on ground one. (ECF No. 11-15 at 50–51.) Following the evidentiary hearing on June 6, 2014, the trial court denied Petitioner's amended motion for postconviction relief on June 18, 2014. (*Id.* at 74–75.) Petitioner thereafter appealed the trial court's denial to the First DCA. (Id. at 76, 160–79.) On February 27, 2015, however, the First DCA per curiam affirmed the trial court's denial without written opinion. (*Id.* at 237.) The mandate followed on March 25, 2015. (*Id.* at 239.)

On October 16, 2014, while Petitioner's appeal was pending, he also

filed a *pro se* motion for leave to file belated and successive motion for postconviction relief. (*Id.* at 241–46.) The trial court denied Petitioner's motion for leave to file belated and successive motion for postconviction relief on October 30, 2014. (*Id.* at 276.)

Petitioner then filed the instant Petition in this Court on April 6, 2015. (ECF No. 1.)

## One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the one-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## Discussion

As an initial matter, because Petitioner filed his Petition after April 24, 1996, the AEDPA governs his Petition. The Petition is therefore subject to the AEDPA's one-year limitation period. Pursuant to § 2244(d)(1)(A), Petitioner was required to file his Petition by November 4, 2012, but failed to do so until April 6, 2015. Thus, his Petition is untimely.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

With respect to the first *Adams* prong, Petitioner filed his Petition in

this Court on April 6, 2015, pursuant to the mailbox rule. (ECF No. 1.)

As to the second *Adams* prong, Petitioner's judgment of conviction became final on January 28, 2011. A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A state appellate court's *per curiam* affirmance of a conviction is not reviewable by the Florida Supreme Court. *Jackson v. State*, 926 So. 2d 1262, 1265; *see also* Fla. Const. Art. V, § 3(b)(1). A petitioner, however, has a 90-day period in which to file a certiorari petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for the Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004).

In this case, the First DCA per curiam affirmed Petitioner's conviction and sentence without written opinion on October 29, 2010. (ECF No. 11-8 at 24.)[5] The mandate followed on November 19, 2010. (*Id.* at 26.) Because the First DCA per curiam affirmed Petitioner's conviction and sentence, Petitioner was not entitled to seek review from the Florida Supreme Court. *See Jackson*, 926 So. 2d at 1265. Petitioner therefore received the benefit

---

[5] Petitioner did not file a motion for rehearing (ECF No. 11-8 at 48.)

of the 90-day period to file a certiorari petition because the state appellate court was the highest court in which he could seek review. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . .") Thus, Petitioner's one-year statute of limitations began on January 28, 2011—90 days after the First DCA affirmed the trial court's judgment.

Petitioner's one-year clock then ran un-tolled for 165 days until July 12, 2011, when he filed a *pro se* motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a).[6] (ECF No. 11-14 at 52–54.) The trial court, however, dismissed the motion without prejudice on December 8, 2011, as facially insufficient to warrant relief. (*Id.* at 56.) The order dismissing the motion without prejudice was filed in the Clerk's office the following day, on December 9, 2011. (*Id.*) Petitioner did not appeal. Accordingly, Petitioner's one-year clock resumed on January 9, 2012, upon expiration of the time in which he could have filed an appeal.[7]

---

[6] Under the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Adams*, 173 F.3d at 1341.

[7] Because the trial court dismissed the motion without prejudice, as opposed to striking the motion, this motion appears to toll the statute of limitations until his time to appeal the dismissal expired. *See Fontana v. State*, 129 So. 3d 511, 511 (Fla. Dist. Ct.

Petitioner's clock then ran for 148 additional un-tolled days (313 total un-tolled days) until he filed a supplement to his motion to correct illegal sentence on June 5, 2012. (*Id.* at 60–64.) The trial court construed the supplement as a motion to correct illegal sentence pursuant to Rule 3.800(a), and denied the motion on August 15, 2012. (*Id.* at 109.) Petitioner did not appeal. Thus, his clock resumed on September 15, 2012, upon expiration of the time in which he could have filed an appeal.

Petitioner's one-year clock continued to run un-tolled for 52 additional days until it expired on November 5, 2012.[8] He did not file the instant Petition, however, until April 6, 2015. (ECF No. 1.)[9] The Petition is

---

App. 2014) (granting belated appeal of an order dismissing petitioner's Rule 3.800(a) motion for postconviction relief).

[8] Petitioner filed a motion for a sixty-day extension of time to file his motion for postconviction relief on October 25, 2012, (ECF No. 11-14 at 114–15), and then his *pro se* motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 on November 27, 2012, (*Id.* at 117–35). Although the trial court granted his motion for extension of time on March 5, 2013, his motion for extension of time did not toll the one-year limitations period. *See Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005) (holding that a motion for extension of time to file a postconviction motion is not a properly filed application for postconviction relief); *Perry v. Sec'y, Dep't of Corr.*, No. 6:14-cv-262-Orl-31TBS, 2016 WL 345526, at *2 (M.D. Fla. Jan. 28, 2016) (petitioner's motion for extension of time to file his Rule 3.850 motion did not toll the one-year limitations period).

[9] Although Petitioner eventually filed a 3.850 motion and later a motion for leave to file belated and successive motion for postconviction relief, the tolling provision of § 2244(d)(2) does not apply to those motions because the one-year period expired before Petitioner initiated those actions. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

therefore untimely.

Petitioner has offered no response regarding his failure to timely file his federal habeas petition within the one-year AEDPA limitations period. While a petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," Petitioner has not done so here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted." *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007).

In this case, Petitioner has offered no explanation regarding the timeliness of his petition. He has, therefore, failed to demonstrate the requisite extraordinary circumstances to warrant equitable tolling of his AEDPA statute of limitations. Accordingly, the Petition is untimely and should be dismissed.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a writ of habeas corpus, ECF No. 1, should be **DISMISSED** and a certificate of appealability should be **DENIED**.

**IN CHAMBERS** this 22nd day of December 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.